# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| DESTRY WHITE )<br>　Plaintiff. )<br> )<br>-v- )<br> )<br>CONVERGENT OUTSOURCING, INC. )<br>800 SW 39th Street )<br>Renton, Washington 98057 )<br>　Defendant. )<br>_____ ) | Case No. XXXXXX<br><br>3:12-cv-627-H |

## COMPLAINT

COMES Plaintiff, Destry White, hereby sues Defendant CONVERGENT OUTSOURCING, INC. alleges and affirmatively states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for damages brought for violations of the Fair Debt Collection Practices Act (hereinafter FDCPA) 15 U.S.C. §1692 *et seq.*; and for damages that violations the Fair Credit Reporting Act (hereinafter FCRA) 15 U.S.C. §1681 *et seq.*

### II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 28 U.S.C. §1331, 15 U.S.C. §1681p and 15 U.S.C. §1692k. The court has supplemental jurisdiction over state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) (2).

4. Plaintiff, Destry White, is a natural person and is a resident of the Jefferson County.

5. Defendant is a debt collector as defined by 15 U.S.C. §1692(a) (6), and sought to collect a consumer debt from plaintiff.

6. Defendant, Convergent Outsourcing, Inc. is an incorporation company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state.

III. **FACTS**

7. In its Complaint, Convergent Outsourcing alleged that is was the holder of a debt that had been assigned to it by Credit One Bank

8. Defendant is collecting from Plaintiff on an alleged debt, which upon information and belief, is from approximately around the year 2012.

9. On or about April 04, 2012, Defendant resumed its collection efforts against the Plaintiff by sent a letter indicating that the alleged debt is outstanding.

10. Defendant has never provided to Plaintiff an account of the alleged debt nor any contract or other legal justification for attempting to collect.

11. On June 19, 2012, Plaintiff sent a letter to Defendant demanding validation of the alleged debt. The letter was sent by certified mail and received by Defendant on June 21, 2012. Defendant did not respond to the letter.

12. On July 10, 2012 Plaintiff sent a letter entitled "NOTICE OF PENDING LAWSUIT" to Defendant demanding that it cease violating federal and state laws at Plaintiff's expense. The letter was sent by certified mail and received by Defendant on July 13, 2012.

13. Plaintiff contends that the illegal actions of Defendants have harmed the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and other costs.

IV. **COUNT I**
**VIOLATION OF FAIR DEBT COLLECTION**
**PRACTICES ACT (FDCPA), 15 U.S.C. §1692**

14. Paragraphs 1 through 13 are realleged as though fully set forth herein.

15. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

16. Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:
   a. Defendant violated 15 U.S.C. §1692b(2) by Stated that the consumer owes and debt.
   b. Defendant violated 15 U.S.C. § 1692f(l) by attempting to collect a debt that was not permitted by law
   c. Defendant violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within

thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A. Adjudging that Defendant violated the FDCPA;
B. Awarding Plaintiff actual damages, including punitive damages;
C. Awarding Plaintiff Statutory damages pursuant to 15 U.S.C. § 1692k, in the amount of $1,000;
D. Awarding Plaintiff any attorney's fees and costs incurred in this action;
E. Awarding such other and further relief as the Court may deem just and proper.

## V.　COUNT II
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### WILLFUL NON-COMPLIANCE BY DEFENDANT

18. Paragraphs 1 through 13 are realleged as though fully set forth herein.

19. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

20. Defendants Convergent Outsourcing are furnishers of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

21. Defendants Convergent Outsourcing willfully violated the FCRA. Defendants' violations include, but are not limited to, the following:
   (a) Defendants Convergent Outsourcing willfully violated 15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.
   (b) Defendants Convergent Outsourcing willfully violated 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.
   (c) Defendants Convergent Outsourcing willfully violated 15 U.S.C. §1681s-2(b)(B) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency,

failing to review all relevant information provided by the consumer reporting agencies.

(d) Defendants Convergent Outsourcing willfully violated 15 U.S.C. §1681s-2(b)(C) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A. Adjudging that Defendant violated the FCRA;
B. Awarding Plaintiff actual damages, including punitive damages;
C. Awarding Plaintiff Statutory damages pursuant to 15 U.S.C. § 1681n;
D. Awarding Plaintiff any attorney's fees and costs incurred in this action;
E. Awarding such other and further relief as the Court may deem just and proper;
F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues triable as a matter of law.

Dated: October 04, 2012

Respectfully submitted,

*[signature]*

Destry White
9016 Taylorsville rd. apt. 121
Louisville, Kentucky 40299
502-381-1983